SMITH, Plaintiff in Error, v. MEEGAN, Defendant in Error.

2. A bailee, who has a boat in charge for the purpose of repairing it, is bound to use ordinary diligence in its preservation, and is liable for any damage occasioned by launching the boat into the river at a time and under circumstances of great danger which ought to have been foreseen, and which result in the destruction of the boat, and that, too, although the actual destruction of the boat may not take place until about twelve days after the launching, by the breaking up of the ice.

*Error to St. Louis Court of Common Pleas.*

Demurrer to a petition. The petition is as follows:

Plaintiff states that said defendant, Meegan, in the month of December, 1853, at the request of plaintiff, undertook to make certain repairs upon the steamboat Asia, then the property of plaintiff, of the value of $11,000, and, for that purpose, it became necessary to, and defendant did, by his servants and agents, haul said boat out of the Mississippi river upon a certain marine railway, commonly called "The Marine Railway," on the bank of the Mississippi river, in the upper part of the city of St. Louis, said railway then being in the possession and use of said defendant, and there made certain repairs upon said

boat. Plaintiff further states, that on the 19th day of January, 1854, said boat then being on said railway, and the said river full of floating ice, said defendant, by his agents and servants, undertook, in the afternoon of said day, to launch said boat into the river, it being exceedingly dangerous then to do so; in consequence whereof, plaintiff objected and remonstrated against their so doing; nevertheless, the agents and servants of defendant persisted therein, and some time after dark of said day, placed said boat off of said railway into the said river.

Plaintiff avers that it was the regular business of defendant to make repairs upon steamboats at said railways, and that having undertaken to make repairs upon said steamboat Asia, and having taken the same out of the river upon said railways, for that purpose, as was necessary, it became and was the duty of the defendant to keep said boat upon said railway, after such repairs were made, until she could be launched without putting her in imminent peril and danger of destruction from the then condition of the river. Plaintiff states that said river, at and near the place aforesaid, was rock-bound, affording no safe harbor for steamboats in time of ice; that the ice was then running so thick as to render it impossible for said boat to escape to a safe harbor; that it was then probable and almost certain that the river would close that night, and impound said boat, which, in fact, it did so, leaving no chance for escape—leaving said boat in imminent peril from the breaking up of the ice afterwards, by which, on or about the first February, 1854, she was wrecked and destroyed. Plaintiff avers that said boat might have remained in safety on said railway until after the breaking up of the ice as aforesaid, and then launched in safety; that her being launched in time and manner as aforesaid, and placed, by the act of the agents and servants of defendant, in peril, from which she could not be removed, was the cause of her destruction. Plaintiff avers that he used all reasonable means in his power for the safety of said boat, before she was wrecked, and to save the wreck; and that what was

saved of the wreck, after due diligence, was only of the value of one thousand three hundred and ninety dollars.

Plaintiff avers that, from the time of launching said boat as aforesaid, until her destruction, there was no time when she could, by proper diligence on the part of the plaintiff, have been removed to a place of safety ; that she was placed in immediate danger of destruction, by the acts of defendant's agents and servants, the moment she reached the water, and that the danger continued at all times imminent up to the time of her destruction ; that the signs and circumstances, at the time of launching her, were such as to forewarn and apprise any prudent man of the impending danger, and the consequences which did ensue might have been naturally expected from thus launching said boat at the time. Plaintiff avers that said loss happened without any fault on his part, and that thereby he has sustained damage to the amount of six thousand six hundred and ten dollars, for which he asks judgment against defendant, and for his costs and for interest from the commencement of this suit.

To this petition the defendant demurred, and for causes of demurrer assigned the following : 1. The said petition does not state facts sufficient to constitute a cause of action. 2. It is matter of law that said defendant was not bound, by virtue of his office as owner of said railway, to keep vessels thereon after the repairs to be made thereon were finished. 3. It appears from the statements of the petition that the loss complained of was the result of atmospheric changes occurring after the said boat was launched, and it also appears that the launching of said boat did not expose her to danger and cause her loss, but that the loss alleged in the petition arose ( according to the statements in the petition ) from events which it was impossible to foresee or provide against. 4. It appears that said loss arose from causes the operation of which was suspended for twelve days after said launching, and that then the said causes were put into activity by influences beyond the control of the defendant. 5. It is a matter of law that there was

no such duty (according to the facts stated in the petition) as plaintiff has in his petition supposed, whereby defendant was bound to keep said boat on the marine railway after her repairs were completed. 6. It appears from the petition that the loss complained of was a remote and not a proximate result of any act wherewith the defendant is charged. 7. It does not appear from said petition that plaintiff offered to pay or compensate defendant for allowing the said steamboat to remain on the railway of said defendant after the completion of her repairs. 8. It sufficiently appears from said petition that said boat was not put into the water from off of. said marine railway until the contract of said defendant (if any) with said plaintiff, in respect thereof, was fully performed.

The court gave judgment on the demurrer for the defendant. The plaintiff brings the case here by writ of error.

*B. A. Hill*, for plaintiff in error. 1. There was a clear case of loss by the negligence of defendant made out, and it was error to decide as a matter of law that the loss was not caused by the negligence of the defendant. This was a matter of fact for the jury. The issue was one of fact. (See 4 McCord, 220; Story's Bail. § 429, 15; 1 Camp. 138; 4 Barn. & Ald. 21, 36, 41; 5 id. 342; 1 Stark. 238.)

*Gantt* and *Hudson & Thomas*, for defendant in error. 1. The damage here was too remote. The boat lived uninjured at least twelve days amidst the perils in which it is alleged it was placed by the defendant; and when the loss occurred, it was caused by atmospheric changes taking place subsequent to the act of defendant. The law would hold the defendant responsible only for such loss or damage as could have been foreseen at the time the boat was launched, and which must have been the natural and proximate result of such launching. (See 1 Chit. Pl. 371, 441; 1 Dow's R. 207; Sedgwick on Dam. 70, 75, 80.) 2. It was no part of the contract that the boat should remain on the ways after it was repaired, nor is any custom or usage to that effect alleged.

LEONARD, Judge, delivered the opinion of the court.

The defendant was bound to use at least ordinary care for the preservation of the plaintiff's boat, and if he launched it into the river at a time and under circumstances of great danger, which ought to have been foreseen, and which resulted in the destruction of the boat, notwithstanding the use of all proper care on the plaintiff's part, he must bear the loss occasioned by his own improper conduct. This is the case substantially presented by the petition, and the judgment must therefore be reversed, and the cause remanded, in order that the matter may be tried upon the proof.

Judgment reversed, and cause remanded.